No. 779

KOSMIDER v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8012. Decided June 6, 1927.

First Publication of this Opinion.

1071. SEARCH AND SEIZURE—661. In toxicating Liquor—Where liquor is found, or being sold, on premises, same ceases to be bona fide residence.

1231. VENUE—Court will take judicial notice of geographical or political divisions of municipalities within county.

Error to Mayor's Court.
Affirmed by Common Pleas.

Error to Common Pleas.
Judgment affirmed.

A. L. Steur, Cleveland, for Kosmider.
E. W. McGraw, Cleveland, for State.

VICKERY, J.

This cause comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County, to which court error had been prosecuted from the Mayor's Court of Hon. Edwin D. Carey, Mayor of the Village of Valley View, Cuyahoga County, Ohio.

Plaintiff in error had been arrested, convicted and fined for selling liquor, and the judgment of conviction was sustained by the Court of Common Pleas.

It is claimed, in argument, that there were two grounds upon which this case should be reversed. The first was that there was no venue proven at the trial of this action, and the second, that the arrest was made in a bona fide private dwelling and that there was no search warrant.

As to the venue, the record is filled with evidence, both from the State's case and that of the defense, to the effect that this arrest was on the Johnson Farm in the Village of Valley View. There is not any place in the record which shows that Valley View is in Cuyahoga County, but one of the things that a court takes judicial notice of, is geographical divisions or political divisions of municipalities within the county, and there is abundance of evidence that this arrest took place in the Village of Valley View, and there can be no question that the record shows that, with the knowledge of the court, Valley View is in Cuyahoga County.

At two o'clock on the morning of October 17th, two officers, employed by the village to assist the marshal, went to this place where the defendant was in charge, and there found a number of persons. They went in and asked for a drink, and, according to their testimony, the defendant poured out two glasses of whisky, one for each of them, which they drank and for which they paid him 25 cents a glass. They say he served at least five others while they were there, pouring the liquor out of the bottle.

In view of the statute in Ohio, to the effect that where liquor is found or being sold on the premises, the same ceases to be a bona fide residence, it would be rather difficult to understand how the court could have done otherwise than he did in this action. It is true that the defendant, and one or two of his friends that were there that night, testified point blank that he did not sell any liquor, but the testimony is so unreliable that the court had the right to disregard it entirely.

(Sullivan, PJ., concur. Levine, J., not sitting.)